(Reap. Dec. 9217)

INTERNATIONAL HAT COMPANY ET AL. *v.* UNITED STATES

Entry No. CE 2426, etc.

(Decided September 4, 1958)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiffs.
*George Cochran Doub*, Assistant Attorney General (*Henry J. O'Neill*, trial attorney), for the defendant.

LAWRENCE, Judge: The appeals for reappraisement enumerated in schedule "A," attached to and made part of the decision herein, were consolidated for the purposes of trial.

The parties hereto have entered into a stipulation of fact, whereby it was agreed that the merchandise covered by said appeals for a reappraisement consists of braid or of palm leaf hat bodies imported from Mexico, similar in all material respects to the hat bodies which were the subject of decision in *International Hat Company* v. *United States*, 39 Cust. Ct. 669, Reap. Dec. 9006. It was further stipulated and agreed that the issues involved in the instant appeals are similar in all material respects to those in the *International Hat Company* case, *supra*, the record in which case has been incorporated herein.

It was further stipulated by the parties that the appraised values of the merchandise covered by the reappraisement appeals in controversy, less the 8 per centum commission or the 10 per centum

commission as included by the appraiser in his finding of value, are equal to the market values or the prices at the time of exportation of such merchandise to the United States, at which such merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, and that there was no higher foreign value for such or similar merchandise.

Upon the agreed facts before the court, I find and hold that export value, as that value is defined in section 402 (d) of the Tariff Act of 1930 (19 U. S. C. § 1402 (d)), is the proper basis for determining the value of the braid or palm leaf hat bodies in issue and that said value is represented by the appraised values, less the 8 per centum or 10 per centum buying commission which was included by the appraiser in his appraisement.

As to all other merchandise, the appeals are dismissed.

Judgment will issue accordingly.